**AFFIRM; and Opinion Filed July 28, 2014.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-12-01715-CV

**ALEXANDER R. DAVIS AND REBECCA DAVIS, Appellants**
**V.**
**TEXAS MUTUAL INSURANCE COMPANY, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-06356-H**

## OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Fillmore

Appellants Alexander R. Davis and Rebecca Davis appeal the trial court's grant of summary judgment in favor of appellee Texas Mutual Insurance Company. In a single issue, appellants assert Ronald Davis was in the course and scope of his employment when he sustained an injury that resulted in his death and, therefore, appellee is liable for workers' compensation benefits and the trial court erred by granting summary judgment in favor of appellee. We affirm the trial court's judgment.

### Procedural Background

Appellants, children of Ronald Davis, filed a beneficiary claim for workers' compensation death benefits with the Texas Department of Insurance, Division of Workers' Compensation (DWC). Appellee, insurer of Ronald Davis's employer, contested the claim. A benefit review conference was conducted by a DWC benefit review officer, but the parties were

unable to reach an agreement. A contested case hearing was held before the DWC to determine whether Ronald Davis was in the course and scope of his employment when he sustained an injury on July 19, 2009 that resulted in his death on August 14, 2009. The hearing officer determined Ronald Davis was not in the course and scope of his employment when he sustained the July 19, 2009 injury. Appellants appealed the hearing officer's decision to the DWC's appeals panel. The appeals panel rendered its final decision, affirming the contested case hearing officer's decision. *See* TEX. LAB. CODE ANN. § 410.204(c) (West Supp. 2013) (if appeals panel does not issue a decision in accordance with section 410.204, decision of the hearing officer becomes final and is the final decision of appeals panel).

The DWC's decision and order provides in pertinent part:

[Ronald Davis] clearly went to New York City on a business trip and under the general rule would be subject to continuous coverage until the business trip ended. [Appellee] pointed out that [Ronald Davis] chose to travel to New York City on Saturday, rather than Sunday or Monday, for the Monday meeting, suggesting perhaps the trip was made for personal as well as business reasons, which would bring in the dual purpose doctrine. However, this was speculation, and there was some evidence [Ronald Davis] went early to get a better air fare.

[Appellee] also argued [Ronald Davis] made a distinct departure from the course and scope of employment on a personal errand when he sustained the injuries that resulted in his death. An employee on an overnight business trip needs to eat and sleep. Injuries sustained in the employee's hotel or while traveling to or from (or in) a nearby restaurant are generally compensable. On the other hand, injuries otherwise sustained on a business trip generally are not. This is a question of fact. Here there was no evidence indicating why [Ronald Davis] was crossing a street near Central Park at 10:30 [a.m.] on Sunday, 8–10 blocks from his hotel, when he sustained the injuries resulting in his death.

[Appellants] had the burden of proof to show that at the time of the injury [Ronald Davis] was engaged in an activity that furthered the Employer's business. As noted above, when the employee is on a business trip out of town, staying in a hotel and eating are activities that further the Employer's business. [Ronald Davis] was not in the hotel or at a restaurant when the bicycle hit him. Maybe he was on his way to a restaurant. Maybe he was taking a walk for exercise or to visit Central Park. There was simply no evidence showing the purpose of the walk.

\* \* \*

[Appellants] failed to prove [Ronald Davis] was injured in the course and scope of his employment.

The DWC's decision and order contains the finding of fact that at the time of injury, Ronald Davis was not engaged in an activity that furthered the business of his employer and the conclusion of law that Ronald Davis was not in the course and scope of his employment when he sustained the injury on July 19, 2009.

Appellants sought judicial review of the appeals panel's final decision. *See* TEX. LAB. CODE ANN. § 410.301 (West 2006) (party who has exhausted its administrative remedies and is aggrieved by a final decision of the appeals panel regarding compensability or eligibility for or the amount of income or death benefits may seek judicial review of the appeals panel's decision); *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 437 (Tex. 2012) (party may challenge decision of appeals panel by judicial review). Section 410.302(b) of the labor code limits judicial review to "issues decided by the appeals panel and on which judicial review is sought." TEX. LAB. CODE ANN. § 410.302(b) (West 2006); *In re Metro. Transit Auth.*, 334 S.W.3d 806, 811 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding [mand. denied]). Appellants filed a motion for summary judgment, asserting there is no genuine issue of material fact that Ronald Davis was in the course and scope of his employment at the time of the July 19, 2009 injury that resulted in his death. Appellee filed a traditional and no-evidence motion for summary judgment asserting there is no genuine issue of material fact that at the time of the July 19, 2009 injury, Ronald Davis was not in the course and scope of his employment, and there is no evidence that at the time of the July 19, 2009, Ronald David was in the course and scope of his employment.

An associate judge granted appellants' motion for summary judgment, finding "that Ronald Davis's injuries did occur in the course and scope of his employment and that [appellants] are entitled to recover workers' compensation death benefits" from appellee. The associate judge further ordered that judgment should be rendered overruling the DWC's decision

and order, and ordering that appellants should recover benefits, including death and burial benefits, as a result of the July 19, 2009 accident that resulted in Ronald Davis's death. The associate judge denied appellee's traditional and no-evidence motion for summary judgment.

Appellee appealed the associate judge's order to the trial court. The trial court reversed the associate judge's order and granted appellee's traditional and no-evidence motion for summary judgment and "sustained and affirmed" the DWC's "holding that Ronald Davis was not in the course and scope of his employment when he sustained an injury on July 19, 2009 that resulted in his death on August 14, 2009 and that [appellee] is not liable for benefits." The trial court denied appellants' motion for summary judgment. Appellants filed this appeal of the trial court's order granting appellee's traditional and no-evidence motion for summary judgment and denying appellants' motion for summary judgment.

**Factual Background**

The evidence relied upon by the parties in their motions for summary judgment was largely uncontested. Appellants and appellee filed a joint stipulation of facts in the district court. The parties jointly stipulated:

1.  On July 19, 2009, Ronald Davis was the employee of Tejas Securities Group, Inc.
2.  On July 19, 2009, Tejas Securities Group, Inc. was insured under a workers' compensation insurance policy issued by Texas Mutual Insurance Company.
3.  On July 19, 2009, Ronald Davis sustained an injury that resulted in his death on August 14, 2009.
4.  Ronald Davis was scheduled to attend a business meeting on Monday, July 20, 2009, in New York City with the CEO of Tejas Securities Group, Inc. and with five persons from Och-Ziff, a private equity firm.
5.  Ronald Davis flew from Texas to New York City on Saturday, January 18, 2009. Upon his arrival, he checked into the Quintess Collection hotel.
6.  Ronald Davis's employer paid for his airfare and hotel expenses for his trip to New York City that commenced on Saturday, July 18, 2009.
7.  It was not unusual for Ronald Davis to spend the weekend before a meeting scheduled early in the week in the city of the scheduled meeting.
8.  Neither party knows the specific reasons why Ronald Davis chose to travel to New York City two days before his scheduled business meeting.

–4–

9. Tejas Securities Group, Inc. is unaware of Ronald Davis's itinerary or activities in New York City on Saturday, July 18, or Sunday, July 19, 2009.

10. On Sunday, July 19, 2009, at approximately 10:30 a.m., Ronald Davis was walking approximately 10 blocks from his hotel when he was struck by a bicycle and knocked down, sustaining injuries that resulted in his death on August 14, 2009.

11. The location of the accident was 60th Street and West Drive, New York City.

12. Ronald Davis was not in his hotel at the time he sustained injuries on July 19, 2009.

13. Ronald Davis was not in a restaurant at the time he sustained injuries on July 19, 2009.

14. Other than walking near 60th Street and West Drive, neither party knows what activity Ronald Davis was engaged in when the accident occurred on July 19, 2009.

15. Neither party knows the purpose of the walk that Ronald Davis was engaged in at the time the accident occurred on July 19, 2009.

16. Neither party knows the location from which Ronald Davis was walking at the time of the injury that resulted in his death.

17. Neither party knows Ronald Davis's intended destination at the time of the injury that resulted in his death.

The parties also stipulated to facts contained in the New York City Police Department report on the accident which included the narrative that Ronald Davis "was crossing the street when a bike hit him causing head injury." Appellee's summary judgment evidence included the bicycle rider's description of the accident in which he stated Ronald Davis "crossed walking north (from outside of [Central] Park towards inside of [Central] Park)."

Appellants' summary judgment proof included the affidavit of John Gorman, CEO of Tejas Securities Group, Inc. (Tejas Securities). Gorman stated that on July 19, 2009, Ronald Davis was an employee of Tejas Securities. On July 20, 2009, Gorman and Ronald Davis had a meeting in New York City with employees of Och-Ziff, a private equity firm. In preparation for that meeting and "in furtherance of the affairs and business of his employment," Ronald Davis left Texas and flew to New York City on July 18, 2009. According to Gorman's affidavit, Ronald Davis's reason for being in New York City on July 19, 2009 was his employment with

Tejas Securities. Gorman stated that, if it were not for the meeting of July 20, 2009, Ronald Davis would not have been in New York City on July 19, 2009.

Appellants also relied on the affidavit of Nicole Vitucci, an employee of Tejas Securities, in support of their motion for summary judgment. According to her affidavit, Ronald Davis, an employee of Tejas Securities, left Texas and flew to New York City on July 18, 2009. Vitucci stated it was Ronald Davis's usual practice to purchase plane tickets for company business travel for the least expensive day, even if it were a couple of days before the scheduled business meeting. Vitucci also stated that Tejas Securities paid for all of Ronald Davis's travel expenses, including airplane and hotel expenses, for the July 2009 business trip.

### Course and Scope of Employment

The sole issue determined by the DWC and appealed to the district court was whether Ronald Davis was in the course and scope of his employment when he sustained an injury on July 19, 2009 that resulted in his death on August 14, 2009. *See* TEX. LAB. CODE ANN. § 410.302(b). Appellants contend the trial court erred by concluding Ronald Davis was not in the course and scope of his employment at the time of his injury and by granting summary judgment in favor of appellee.

#### *Standards of Review and Burden of Proof*

"It is now settled that the summary judgment procedure in general applies to Workmen's Compensation cases." *Bullock v. Tex. Emprs' Ins. Ass'n*, 254 S.W.2d 554, 556 (Tex. Civ. App.—Dallas 1952, writ ref'd); *see also Fowler v. Tex. Empr's Ins. Ass'n*, 237 S.W.2d 373, 375 (Tex. Civ. App.—Fort Worth 1951, writ ref'd) (summary judgment available in case where there can be no recovery if injury was not received in course of employment; if, as matter of law, injury was not received in course of employment, it would be useless procedure to try other issues in case). We review a trial court's grant of summary judgment de novo. *Travelers Ins. Co.*

*v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). The standards of review for traditional and no-evidence summary judgment are well known. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). With respect to a traditional motion for summary judgment, the movant has the burden to demonstrate that no genuine issue of material fact exists and judgment should be rendered as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon*, 690 S.W.2d at 548–49. We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). To defeat a no-evidence summary judgment, the nonmovant is required to produce evidence that raises a genuine issue of material fact on each challenged element of its claim. TEX. R. CIV. P. 166a(i); *Gish*, 286 S.W.3d at 310.

In reviewing both a traditional and no-evidence summary judgment, we consider the evidence in the light most favorable to the nonmovant. *Nixon*, 690 S.W.2d at 548–49; *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009). We credit evidence favorable to the nonmovant if a reasonable fact-finder could, and we disregard evidence contrary to the nonmovant unless a reasonable fact-finder could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Gish*, 286 S.W.3d at 310. When both parties move for summary judgment and the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both sides and determine all questions presented. *Fielding*, 289 S.W.3d at 848.

If a party seeks review of a final DWC appeals panel decision regarding "compensability or eligibility for or the amount of income or death benefits," a modified de novo standard of review applies. *Rodriguez v. Serv. Lloyds Ins. Co.*, 997 S.W.2d 248, 253 (Tex. 1999); *Combined Specialty Ins. Co. v. Deese*, 266 S.W.3d 653, 664 (Tex. App.—Dallas 2008, no pet.); *see also* TEX. LAB. CODE ANN. § 410.304(b) (West 2006) (in trial to court without jury, court in rendering

its judgment on issue regarding compensability or eligibility for or amount of income or death benefits shall consider decision of appeals panel); *State Office of Risk Mgmt. v. Joiner*, 363 S.W.3d 242, 247 (Tex. App.—Texarkana 2012, pet. denied) (under modified de novo standard of review, trial court is informed of appeals panel's decision but is not required to accord that decision any particular weight). The party appealing the final decision of the appeals panel bears the burden of proof by a preponderance of evidence. TEX. LAB. CODE ANN. § 410.303 (West 2006); *see also Transcontinental Ins. Co. v. Crump*, 330 S.W.3d 211, 214 (Tex. 2010); *State Office of Risk Mgmt. v. Adkins*, 347 S.W.3d 394, 398–99 (Tex. App.—Dallas 2011, no pet.) (party appealing DWC's determination bore burden of proof, by preponderance of evidence, that he received compensable injury). Judicial review of the appeals panel's decision "is limited to the issues that were before the Commission appeals panel; however, the fact finder does not simply review the appeals panel decision for reasonableness, but decides the issues independently based on a preponderance of the evidence." *Sec. Nat'l Ins. Co. v. Farmer*, 89 S.W.3d 197, 200 (Tex. App.—Fort Worth, 2002, pet. denied).

*Analysis*

Under the Texas Workers' Compensation Act (Act), a "compensable injury" is "an injury that arises out of and in the course and scope of employment for which compensation is payable under [the Act]." TEX. LAB. CODE ANN. § 401.011(10) (West Supp. 2013); *see Morales v. Liberty Mut. Ins. Co.*, 241 S.W.3d 514, 518 (Tex. 2007); *Biggs v. U.S. Fire Ins. Co.*, 611 S.W.2d 624, 627 (Tex. 1981) (essential element employee must prove in order to recover workers' compensation benefits is that injury was sustained in course of employment). "Course and scope of employment" means "an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee

while engaged in or about the furtherance of the affairs or business of the employer." TEX. LAB. CODE ANN. § 401.011(12).[1]

For an employee's injury to be considered sustained in the course and scope of employment, it must (1) relate to or originate in the employer's business, and (2) occur in the furtherance of the employer's business. *Am. Home Assurance Co. v. De Los Santos*, No. 04-10-00852-CV, 2012 WL 4096258, at *2 (Tex. App.—San Antonio Sept. 19, 2012, pet. denied) (mem. op.) (citing *Leordeanu v. Am. Prot. Ins. Co.*, 330 S.W.3d 239, 241–44 (Tex. 2010)); *see* TEX. LAB. CODE ANN. § 401.011(12). An employee must establish both of these two elements in order to satisfy the "course and scope" requirement. *Deatherage v. Int'l Ins. Co.*, 615 S.W.2d 181, 182 (Tex. 1981); *De Los Santos*, 2012 WL 4096258, at *2. The provisions of the Act are liberally construed "to carry out the Legislature's evident purpose of compensating injured workers and their dependents." *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 652 (Tex. 2004).

In this case, the disputed issue is whether the DWC correctly decided that Ronald Davis was not in the course and scope of his employment when he was injured on July 19, 2009. As the parties appealing the final appeals panel's decision, appellants bore the burden of proof by a preponderance of the evidence that Ronald Davis's injury on July 19, 2009 was sustained in the

---

[1] The term "course and scope of employment" includes "an activity conducted on the premises of the employer or at other locations." The term does not include:

    (A) transportation to and from the place of employment unless:
        (i) the transportation is furnished as a part of the contract of employment or is paid for by the employer;
        (ii) the means of the transportation are under the control of the employer; or
        (iii) the employee is directed in the employee's employment to proceed from one place to another place; or
    (B) travel by the employee in the furtherance of the affairs or business of the employer if the travel is also in furtherance of personal or private affairs of the employee unless:
        (i) the travel to the place of occurrence of the injury would have been made even had there been no personal or private affairs of the employee to be furthered by the travel; and
        (ii) the travel would not have been made had there been no affairs or business of the employer to be furthered by the travel.

TEX. LAB. CODE ANN. § 401.011 (12).

course and scope of his employment. *See* TEX. LAB. CODE ANN. § 410.303; *Crump*, 330 S.W.3d at 214; *Adkins*, 347 S.W.3d at 398–99.

The parties do not dispute that Ronald Davis was in New York City on a business trip and that he arrived there two days before he was to attend a business meeting scheduled for Monday, July 20, 2009. Appellants contend that, because Ronald Davis had traveled to New York City on a business trip, the "continuous coverage" rule applied, and Ronald Davis was, therefore, in the course and scope of his employment at the time of his injury unless a distinct departure on a personal errand was shown. Under the "continuous coverage" rule, "an employee whose work entails travel away from the employer's premises [is] in the course of his employment when the injury has its origin in a risk created by the necessity of sleeping or eating away from home, except when a distinct departure on a personal errand is shown." *Shelton v. Standard Ins. Co.*, 389 S.W.2d 290, 293 (Tex. 1965); *see N. River Ins. Co. v. Purdy*, 733 S.W.2d 630, 632–33 (Tex. App.—San Antonio 1987, no writ) ("test for determining whether an injury was received during the course of employment when the injury was suffered by an employee whose employer requires him to travel is whether the injury 'has its origin in a risk created by the necessity of sleeping or eating away from home . . .'"(quoting *Shelton*, 389 S.W.2d at 293)); *Hardware Mut. Cas. Co. v. McDonald*, 502 S.W.2d 602, 604–05 (Tex. App.—San Antonio 1973, writ ref'd n.r.e.) (salesman drowned while on sales trip for employer; held to have been outside course and scope of employment when on purely personal mission at time of drowning, and injury was not of kind and character that had to do with and originated in employer's work or business).

Appellants acknowledge that "[t]here is no question" they have the burden of proving Ronald Davis was in the course and scope of his employment. Essentially, appellants contend that, having established Ronald Davis was in New York City on a business trip, they have

satisfied their burden of proof that his injury occurred in the course and scope of his employment. According to appellants, "we need only decide if walking ten blocks from his hotel is so basic an activity for a person to engage in, like sleeping in a hotel or eating a [sic] restaurant that [Ronald] Davis was in the course and scope of his employment as said walk furthers the affairs of his employer, just as eating and sleeping do." In their post-submission letter brief, appellants contend Ronald Davis's "walk has a purpose in itself and absent any other evidence is sufficient to satisfy the elements of course and scope [of employment] for an overnight out of town business trip." Essentially, appellants attempt to shift the burden of proof to appellee to establish that at the time of his injury, Ronald Davis had made a distinct departure on a personal errand.[2]

As the party with the burden of proof, appellants were required to prove by a preponderance of the evidence that Ronald Davis was in the course and scope of his employment when he was injured on July 19, 2009. In light of the statutory definition of "course and scope of employment," appellants were required to prove that Ronald Davis's injury occurred while he was acting in furtherance of his employer's business. *See* TEX. LAB. CODE ANN. § 401.011(12); *De Los Santos*, 2012 WL 4096258, at *2. Appellants cite no authority supporting their argument that appellee had the burden of proof to establish by a preponderance of the evidence that Ronald Davis was on a personal errand or mission at the time of his injury, and our research has located no case so holding. *See Vanliner Ins. Co. v. Ward*, 923 S.W.2d 29, 32–33 (Tex. App.—Texarkana 1996, no writ) (appellant insurance carrier contended on appeal that trial court erred in concluding there was sufficient evidence to support commission's findings that insurance carrier had failed to contest compensability because appellee claimant presented no evidence or

---

[2] At oral submission, appellants argued that while they had the burden of proof to establish Ronald Davis's injury was sustained in the course and scope of his employment, appellee had the burden of proof to establish Ronald Davis was on a personal errand at the time of his injury.

insufficient evidence to support that issue; but workers' compensation statute provides appellant had burden of proof on any issue appealed and, therefore, appellee "was not required to present any evidence" on that issue); *see also Adkins*, 347 S.W.3d at 398–99 (because claimant appealed commission's determination, he bore burden of proving at trial by preponderance of evidence that he received a compensable injury; on appeal, because State Office of Risk Management attacked legal sufficiency of evidence to support adverse finding on issue on which it did not have burden of proof, it had to demonstrate there was no evidence to support adverse finding against it); *Ace Fire Underwriters Ins. Co. v. Simpkins*, 380 S.W.3d 291, 306 (Tex. App.—Fort Worth 2012, no pet.) (because insurance carrier was party appealing adverse decision of appeals panel, "the procedural posture of [the] case required" that carrier prove by preponderance of evidence that claimant did not suffer compensable injury that was producing cause of death).

Here, the evidence established that pedestrian Ronald Davis was injured when he was struck by a bicycle while crossing a street ten blocks from the hotel where he was staying. The accident occurred at approximately 10:30 a.m. on a Sunday morning. Appellants had the burden to establish that Ronald Davis was acting in furtherance of his employer's business and was not on a personal errand or mission at the time of the accident. Appellants offered no evidence to carry their burden. Accordingly, under the standard of review which we must apply, the trial court did not err by granting summary judgment in favor of appellee or by denying appellants' motion for summary judgment. We resolve appellants' sole issue against them, and we affirm the trial court's judgment.

/Robert M. Fillmore/
_____
ROBERT M. FILLMORE
JUSTICE

121715F.P05

–12–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALEXANDER R. DAVIS AND REBECCA
DAVIS, Appellants

No. 05-12-01715-CV     V.

TEXAS MUTUAL INSURANCE
COMPANY, Appellee

On Appeal from the 160th Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. DC-11-06356-H.
Opinion delivered by Justice Fillmore,
Justices FitzGerald and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Texas Mutual Insurance Company recover its costs of this appeal from appellants Alexander R. Davis and Rebecca Davis.

Judgment entered this 28th day of July, 2014.